IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES EDWARD WALLS, # 141813**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 3:12cv748-DPJ-FKB**

**HINDS COUNTY**  **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Charles Edward Walls filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. At the time he initiated this action, Walls was a pretrial detainee at the Hinds County Detention Center, facing a pending murder charge. He brought this action to enforce his right to a speedy trial. The Court has considered and liberally construed the pleadings. As set forth below, this case is now moot, and will therefore be dismissed.

**I.     Background**

On November 6, 2012, Walls filed the instant Petition claiming denial of his right to a speedy trial. The only specific relief Walls sought was an expeditious trial or release pending trial. But after Walls filed his Petition, the state brought him to trial and he accepted a plea bargain. Walls now claims—without explanation—that someone forced him to plead guilty. Walls is currently incarcerated with the Mississippi Department of Corrections.

**II.    Discussion**

Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kenna*, 523 U.S. 1, 7 (1998). If an action is rendered moot, there is no longer any live case or controversy and thus no jurisdiction. *Bailey v. Southerland*, 821 F.2d

277, 278 (5th Cir. 1987). The only relief Walls seeks is to either be tried on the murder charge or released pending trial. Since he has now been brought to trial and convicted on a guilty plea, the Court can no longer grant him the relief that he seeks. Therefore, this pretrial habeas action is rendered moot, and should be dismissed without prejudice for lack of jurisdiction. *Id.*

### III. Conclusion

The Petition is moot, and the Court no longer has jurisdiction to consider this pretrial habeas case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** as moot. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE